Shearer, J.
This is a proceeding to subject the proceeds of a judgment rendered in the case of Scott v. Morse et al., to the payment of a judgment recovered by the plaintiff Gaines against the defendant Scott in the state of Kentucky.
W. H. Stratton, one,of the defendants in this action, by his cross-petition, claims the fund in virtue of an alleged assignment from Scott, bearing date April, 1880, and recorded in the cause in November, 1881 — more than eighteen months after its date.
The assignment is put in issue by the pleadings, which devolves upon the party claiming thereunder the necessity of adducing strict proof of its execution.
The alleged assignment offered in evidence purports to be attested by two witnesses, neither of whom was called, nor *448 their absence accounted for. The only evidence of the due execution of the instrument is the testimony of Scott that he made the assignment, and of Mr. Byrne, his counsel, who testified to the genuineness of Scott’s signatui’e from his acquaintance with his handwriting.
It seems that this is insufficient. A written instrument, which is the foundation of a claim, when produced and freed from suspicion, “ must be proved by the subscribing witnesses, if there be any, or at least one of them. * * * Such being the principle of the rule, its application has been held indispensable, even where it was proved that the obligor had admitted that he executed a bond ; or where such admission is made in answer to a bill of discovery.” 1 Greenleaf Evid., section 569 and notes. Nor is this rule affected by the statutes making parties competent witnesses. 3 Allen, 450; 8 Exch. 803.
In Barry v. Ryan, 4 Gray, 523-525, Shaw, C. J., held that “ the testimony of an attorney who executed a lease on behalf of the lessor, in the presence of ah attesting witness was not competent to prove execution until the attesting witness 'was called, or his absence accounted for.”
The rule is also distinctly recognized in Ohio. 3 Ohio, 42; 7 Ohio, Pt. I, 116; 31 Ohio St. 265.
It follows from what we have said that the alleged assignment offered'in evidence here, not being proved by the testimony of a subscribing witness, is not admissible.
Assuming, however, that it has been sufficiently proved and that it is admissible, how stands the case upon the facts'?
Stratton claims under an assignment from his fathcr-in-law. Judge Collett, in Bryce v. Myers, 5 Ohio, 126, says: “That where a child claims to hold land as a purchaser for a valuable consideration against a creditor, a suspicion of fraud arises,” and more proof of payment and adequacy is required than where the purchaser is a stranger.
Whether, upon proof of relationship the burden shifts, or whether the rule be that more evidence is necessary to rebut *449 the suspicion of fraud, we do not decide; but upon the whole testimony, and in view of the inconsistent and contradictory statements of Stratton and Scott, we are of opinion that the alleged assignment is not bona fide and cannot be upheld. .
J. T. Holmes and J. G. L. Pugh, for plaintiff.
Byrne & O’Neall, for defendants.
The plaintiff is therefore entitled to have the fund in controversy applied upon his judgment, the costs to be paid out of the fund.

Judgment accordingly.

Note. — The foregoing case was affirmed by the Supreme Court without report October, 1893.